UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

In re:

E. ERWIN PENNIMAN,   CASE NO.: 04-31881-KKS
   CHAPTER: 7

   Debtor.
_____/

## ORDER DISAPPROVING APPLICATION FOR PAYMENT OF UNCLAIMED FUNDS (DOC. 78)

**THIS CASE** is before the Court on the Application for Payment of Unclaimed Funds (the "Application," Doc. 78) submitted by Dilks & Knopik, LLC ("Applicant") on behalf of Oak Point Partners, Inc. ("Claimant"). It is

**ORDERED**:

The Application for the Recovery of Unclaimed Funds (Doc. 78) is DISAPPROVED without prejudice for the following reason(s):

1. The *Notice of Payment of Unclaimed Funds Pursuant to 11 U.S.C. § 347* (Doc. 71) lists the creditor of this debt as Arch Aluminum & Glass, pursuant to POC 21-1. Arch Aluminum & Glass did not file POC 21-1, but did file POC 19-1.

SK

2. Janice A. Alwin signed a document attached to the Application entitled "Affidavit," purporting to verify that Eric A. Linn is the President of Claimant and has authority to collect any property belonging to Claimant (Doc. 78, Pg. 12). The documents attached to the Application do not show that Janice A. Alwin has authority to act on behalf of Claimant.

3. A document attached to the Application entitled "Purchase Agreement and Assignment of Claims and Interests," alleges that Arch Aluminum Liquidating Trust sold "known or unknown assets or claims," as well as "Remnant Assets" to Oak Point Partners, Inc. (Doc. 78-1, Pg. 4). The documents attached to the Application do not show that this debt is included in the assets, claims, or Remnant Assets sold from Arch Aluminum Liquidating Trust to Oak Point Partners, Inc.

4. John Pidcock signed the document entitled, "Purchase Agreement and Assignment of Claims and Interests," purportedly as "Liquidating Trustee" of Arch Aluminum Liquidating Trust. The documents attached to the Application do not show that John

Pidcock has authority to act on behalf of Arch Aluminum Liquidating Trust.

5. Additionally, the signature page of the document entitled "Purchase Agreement and Assignment of Claims and Interests" indicates that Arch Aluminum Liquidating Trust is the Successor in Interest to the Bankruptcy Estates of Arch Aluminum & Glass Co., Inc., Et Al. The documents attached to the Application do not support this assertion.

6. The documents attached to the Application show that the Arch Aluminum Liquidating Trust gave Claimant the right to file a notice of assignment of claim. No such document has been filed with the Court in this case.

DONE and ORDERED on December 27, 2017.

_____
KAREN K. SPECIE
Chief U.S. Bankruptcy Judge

Copies to:
All parties in interest

Dilks & Knopik, LLC
Brian J. Dilks, Managing Member
35308 SE Center St.
Snoqualmie, WA 98065